UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Edward Allen Cheatam,                                              Civil No. 15-1210 (PAM/FLN)

                Petitioner,

v.                                                                                         **REPORT AND
                                                                                           RECOMMENDATION**

Bureau of Prisons, Duluth[1],

                Respondent.

___

Edward Allen Cheatam, *pro se*, for Petitioner.
Ana H. Voss and D. Gerald Wilhelm, Assistant United States Attorneys, for Respondent.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on Petitioner Edward Allen Cheatam's petition for a Writ of Habeas Corpus (ECF No. 1), and Petitioner's motion for Judgement on the Pleadings (ECF No. 5). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that Petitioner's motion be **DENIED**, and the petition be **DENIED without prejudice**.

### I. BACKGROUND

Petitioner is currently serving a 33-month term of imprisonment after being convicted of conspiracy to obstruct interstate commerce by extortion under color of official right, in violation of

---

[1] C. Nickrenz is the current warden at FPC Duluth. Respondent notes that C. Nickrenz should be substituted as the sole respondent in this matter. *See* Gov't Mem. in Opp. 1 n.1, ECF No. 8; 28 U.S.C. §§ 2242, 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). In Petitioner's Motion for Judgment on the Pleadings, C. Nickrenz is named as the sole respondent. *See* Mot. For J. 1, ECF No. 5. Accordingly, the Court assumes that Petitioner names C. Nickrenz as the correct and sole respondent in this matter.

18 U.S.C. § 1951(a). ECF No. 12, Ex. 1. Petitioner's projected release date is May 30, 2016. Gov't Mem. in Opp'n 2, ECF No. 8 (citing Winger Decl. Ex. 1, ECF No. 12). On March 9, 2015, Petitioner filed the present petition for a writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prison's ("BOP") decision to deny him (1) admission into the Residential Drug Abuse Program ("RDAP") and therefore, eligibility for a one-year sentence reduction; (2) placement in a residential re-entry center ("RRC"); and (3) transfer to a facility closer to his residence. *See generally* ECF No. 1. Petitioner claims these denials violated his "Fourth, Sixth, and Fourteenth Amendment rights of due process and equal protection." *Id.* at 3. Through this petition, Petitioner seeks "immediate transfer to home confinement or halfway house close to [his] home in New Jersey." *Id.* at 8.

## II. LEGAL ANALYSIS

Before seeking review in federal court, federal prisoners seeking a Writ of Habeas Corpus under 28 U.S.C. § 2241 are required to exhaust administrative remedies available within the prison system. *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974) ("If grievance procedures provide an adequate means for impartial review, then a federal prisoner must exhaust available administrative remedies within the correctional system prior to seeking extraordinary relief in federal court."). The BOP has a multi-tiered administrative remedy program through which an inmate may seek "formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. §§ 542.10–.19. The regulations prescribe four steps that must be taken in order to satisfy the exhaustion requirement: (1) an inmate must first present his claim to an appropriate prison staff member by submitting a request for informal resolution; (2) if the claim is not resolved to the inmate's satisfaction, he must then present a formal written claim to the warden (Form BP-9); (3)

if the prisoner is not satisfied with the warden's response, he must appeal to the Regional Director (Form BP-10); and (4) if the prisoner is still dissatisfied, he must take a final appeal to the General Counsel in the Central Office (Form BP-11). 28 C.F.R. §§ 542.10–.19. To fully exhaust his administrative remedies, a federal prisoner must complete each of these four steps. *Id.*

Here, after the BOP denied his applications, Petitioner did not appeal the decision, file a grievance, or seek any administrative remedy. Indeed, Petitioner admits in his petition that he has not exhausted any of his administrative remedies. *See* ECF No. 1; *see also* Boldt Decl. Ex. 2, ECF No. 10. Instead, Petitioner simply claims that he did not know of the appeal process and that any such appeal would be futile. ECF No. 1 at 3–5, 8. However, the evidence in the record shows that Petitioner was provided with the BOP regulations, which include information regarding administrative remedies. Majerus Decl. ¶ 8, Ex. B, ECF No. 11. Additionally, Petitioner has not provided any evidence or explanation for why availing himself of the available administrative remedies would, in fact, be futile. ECF No. 1 at 8. It is well established that Petitioner must exhaust his available administrative remedies before seeking extraordinary relief in a § 2241 Habeas Corpus petition. *Elwood v. Jeters*, 386 F.3d 842, 844 n.1 (8th Cir. 2004); *U.S. v. Chappel*, 208 F.3d 1069, 1069–70 (8th Cir. 2000). Because he has failed to satisfy this exhaustion requirement, the petition must be denied.

### III. RECOMMENDATION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's motion for Judgment on the Pleadings (ECF No. 5) be **DENIED**, and the petition for a Writ of Habeas Corpus (ECF No. 1) be **DENIED without prejudice**.

DATED: November 19, 2015               *s/Franklin L. Noel*
                                        FRANKLIN L. NOEL
                                        United States Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.